IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| SYNDICATED OFFICE SYSTEMS, INC. ) | |
| ASSIGNEE OF ST. LOUIS UNIVERSITY ) | |
| HOSPITAL ) | |
| ) | |
| Plaintiff, ) | Cause No. 032 - 11048 |
| ) | |
| vs. ) | Div. No. 1 |
| ) | |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| SERVE: Director of Insurance of the ) | JURY TRIAL DEMANDED |
| State of Missouri, 301 West ) | |
| High St., Jefferson City, MO ) | |
| 65101 ) | |
| SERVE BY: Sheriff of Cole County, MO ) | |

## PETITION

## COUNT I – DETRIMENTAL RELIANCE

COMES NOW Plaintiff, and for Count I of its Petition, states:

1. Plaintiff is a corporation, duly authorized and existing pursuant to the laws of the State of Missouri.

2. St. Louis University Hospital assigned the account of Diana C. Feverston, for value, to Plaintiff.

3. Defendant is a foreign insurance company, transacting business and/or taking risks in the State of Missouri, and at all time relevant herein, had and has

authorized the Director of Insurance of the State of Missouri to acknowledge and/or receive process on behalf of said Defendant.

4.   This Court has jurisdiction over this action as the amount in controversy exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of interest and costs.

5.   On or about June 5, 2000, Diana C. Feverston (hereinafter, "Feverston"), was admitted to St. Louis University Hospital, following and as a result of a single-car motor vehicle accident in which Feverston was seriously injured and as a result of which Feverston was unable to communicate at the time of admission.

6.   On or about June 12, 2000, Plaintiff determined that Feverston was insured by Defendant, and learned from Defendant's representative and employee that a "precertification number" would need to be obtained from Defendant.

7.   On or about June 13, 2000, Defendant, by and through its employee and representative, one "Jolynn", provided Plaintiff with a "precertification number", to wit, "001152103".

8.   On or about July 6, 2000, Plaintiff was directed by Defendant's representative and employee, one "Suzette", to mail its first interim billing for professional services provided to Feverston, to a post office box, and, as a result of said direction, Plaintiff submitted said first interim billing on said date, for services provided from June 5, 2000 through and including June 25, 2000.

9.   On or about July 12, 2000, Plaintiff received written authorization from Defendant for two (2) additional days, and further correspondence from Defendant certifying four (4) additional days' treatment.

2

10.     On or about July 18, 2000, Plaintiff submitted a second interim billing for professional services rendered to Feverston, for the period June 26, 2000 through and including July 9, 2000.

11.     On or about July 20, 2000, Plaintiff received correspondence from Defendant certifying ten (10) additional days' treatment.

12.     On or about July 27, 2000, Plaintiff submitted a third interim billing for professional services rendered to Feverston, for the period July 10, 2000 through and including July 23, 2000.

13.     On or about August 4, 2000, Plaintiff submitted a fourth interim billing for professional services rendered to Feverston, for the period July 24, 2000 through and including August 6, 2000.

14.     On or about August 25, 2000, Plaintiff received correspondence from Defendant certifying three (3) additional days' treatment.

15.     On or about August 31, 2000, Plaintiff received correspondence from Defendant certifying one (1) additional day's treatment.

16.     Based on the precertification by Defendant to Plaintiff of Feverston's treatment and based on Defendant's numerous authorizations and/or certifications for additional days' treatment, Plaintiff provided professional goods and services to Feverston.

17.     The reasonable value of said professional goods and services is Five Hundred Eighty Thousand Fifty Two Dollars and seventy-six cents ($580,052.76).

18.     Plaintiff has made demand on Defendant for payment of said sum, which demand has been refused by Defendant.

19.     Plaintiff provided said professional goods and services to Feverston based on the specific representation by Defendant that the charges would be covered and benefits would be provided, and that Plaintiff would be paid by Defendant.

20.     Defendant, by its written authorizations and certifications, by statements of its employees and representatives, and by its insinuations and course of conduct, promised to pay Plaintiff for said professional goods and services.

21.     Plaintiff, in providing said professional goods and services to Feverston, relied on Defendant's promise to Plaintiff's detriment, and in a way Defendant expected or should have expected.

22.     An injustice to Plaintiff has occurred as a result of Defendant's failure to pay for said professional goods and services, which only enforcement of Defendant's promise to pay can cure.

WHEREFORE, Plaintiff prays judgment against Defendant in the sum of Five Hundred Eighty Thousand Fifty Two Dollars and seventy-six cents ($580,052.76), interest thereon, attorneys' fees, and its costs herein incurred.

## COUNT II – PROMISSORY ESTOPPEL

COMES NOW Plaintiff, and for Count II of its Petition, and pleading in the alternative to Count I herein, states:

1.     Plaintiff restates and realleges each and every allegation contained in paragraphs one (1) through twenty (20), inclusive, of Count I, as if more fully set out herein.

WHEREFORE, Plaintiff prays judgment against the Defendant in the sum of Five Hundred Eighty Thousand Fifty-Two Dollars and seventy-six cents ($580,052.76), interest, attorneys fee, and its costs herein incurred.

## COUNT II – PROMISSORY ESTOPPEL

COMES NOW Plaintiff, and for Count II of its Petition, pleading in the alternative to Count I herein, states:

1.    Plaintiff restates and realleges each and every allegation contained in paragraphs one (1) through twenty (20), inclusive, of Count I, as if more fully set out herein.

2.    During the extended course of treatment of Reverston, Plaintiff repeatedly inquired of Defendant whether Plaintiff's charges would be covered and benefits provided. In response to those inquiries, Defendant specifically represented, by its repeated authorization of additional days' treatment, and otherwise, that the charges would be covered and benefits provided.

3.    Based on Defendant's representations, Plaintiff provided professional goods and services and incurred charges and expenses of Five Hundred Eighty Thousand Fifty-Two Dollars and seventy-six cents ($580,052.76), but despite numerous demands for payment consistent with Defendant's representations, Defendant has failed and refused to pay said sum.

4.    Plaintiff relied to its detriment.

5.    Plaintiff relied to its detriment in a way that Defendant expected or should have expected.

6.    Plaintiff has suffered an injustice which only enforcement of Defendant's promise can cure.

WHEREFORE, Plaintiff prays judgment against the Defendant in the sum of Five Hundred Eighty Thousand Fifty-Two Dollars and seventy-six cents ($580,052.76), interest, attorneys fees, and its costs herein incurred.

MILLER AND STEENO, P.C.

By _____

Ronald C. Miller (MBE 41992)
James B. Ashwell (MBE 24082)
Attorneys for Plaintiff
7606 Forsyth Blvd.
St. Louis, MO 63105
314-726-1400 Telephone
314-726-1406 Facsimile

5

Sheriff of COLE COUNTY

CIVIL                                          1

No. 032-11046
Div. 01

# SUMMONS

In the case of

SYNDICATED OFFICE SYSTEMS INC
                                    PLAINTIFF

Vs.

THE GUARDIAN LIFE INSURANCE CO
MPANY
                                    DEFENDANT

THE GUARDIAN LIFE INSURANCE CO
MPANY.

SERV DIRECTOR OF INSURANCE OF THE S
TATE OF MISSOURI
301 WEST HIGH ST

JEFFERSON CITY  MO  65101

SOP RECEIPT DATE

JAN 0 6 2004

STATE OF MISSOURI
DEPARTMENT OF INSURANCE

---

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

SYNDICATED OFFICE SYSTEMS INC

                                    PETITIONER/PLAINTIFF

VS

THE GUARDIAN LIFE INSURANCE COMPANY

                                    RESPONDENT/DEFENDANT

NO. 032-11046
DIV. 01

### SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY MILLER, RONALD C
FOR THE PETITIONER WHOSE ADDRESS IS
7605 FORSYTH BLVD., ST LOUIS, MO 63105-

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
16TH DAY OF DECEMBER, 2003

                                    DEFENDANT

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

Plaintiff )
)
VS )          Cause No._____
)
Defendant )          Division I
)

### SCHEDULING ORDER

The above-styled cause is designated as a "Track I" case for scheduling purposes, subject to the deadlines set forth herein. All dates are calculated from the date of the petition's filing. Plaintiff shall make all relevant medical records and signed authorizations available for inspection and copying by Defendant's counsel, and at Defendant's cost within five (5) days of defense counsel's entry of appearance. Plaintiff is expected to serve the standard interrogatories together with the Petition. Defendant(s) shall serve answers to the standard interrogatories within the time prescribed by the Missouri Supreme Court Rules of Civil Procedure. Defendant is to serve the standard interrogatories with counsel's entry of appearance. Plaintiff shall serve answers to the standard interrogatories within the time prescribed by the Missouri Supreme Court Rules of Civil Procedure.

Deviation from the Scheduling Order shall be only by consent of the parties or by leave of Court. Further, this Scheduling Order assumes prompt disposition of discovery disputes. The parties are strongly encouraged to resolve discovery disputes by mutual consent and without the need for Court intervention. In no event shall deviations from the deadlines in this Order or delays in resolving discovery disputes affect the "ready for trial" date set forth herein, except by Court order.

### TRACK 1: EXPEDITED

60 Days: All parties to have served initial written discovery.

90 Days: All parties to have responded to initial written discovery.

100 Days: Disclosure of Plaintiff's experts.

120 Days: Plaintiff's experts' depositions completed.

135 Days: Disclosure of Defendant's experts.

155 Days: Defendant's experts' depositions completed.

160 Days: Council for all parties to file certificate of settlement negotiations.

165 Days: Disclosure of Plaintiff's rebuttal experts and supplementary disclosure of new experts or new opinions by all parties.

180 Days: All experts' depositions completed. No continuances will be granted after this date for incomplete discovery, absent leave of Court for good cause shown. Case deemed ready for trial.

The Court encourages early mediation.

SO ORDERED

Presiding Judge

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

|                  |     |                    |
| ---------------- | --- | ------------------ |
| Plaintiff        | )   |                    |
|                  | )   |                    |
| VS               | )   | Cause No. _____ |
|                  | )   |                    |
| Defendant        | )   | Division I         |

## SCHEDULING ORDER

The above-styled cause is designated as a "Track 2" case for scheduling purposes, subject to the deadlines set forth herein. All dates are calculated from the date of the petition's filing. Plaintiff shall make all relevant medical records and signed authorizations available for inspection and copying by Defendant's counsel, and at Defendant's cost, within five (5) days of defense counsel's entry of appearance. Plaintiff is expected to serve the standard interrogatories together with the Petition. Defendant (s) shall serve answers to the standard interrogatories within the time prescribed by the Missouri Supreme Court Rules of Civil Procedure. Defendant is to serve the standard interrogatories with counsel's entry of appearance. Plaintiff shall serve answers to the standard interrogatories within the time prescribes by the Missouri Supreme Court Rules of Civil Procedure.

Deviation from the Scheduling Order shall be only by consent of the parties or by leave of Court. Further, this Scheduling Order assumes prompt disposition of discovery disputes. The parties are strongly encouraged to resolve discovery disputes by mutual consent and without the need for Court intervention. In no event shall deviations from the deadlines in this Order or delays in resolving discovery disputes affect the "ready for trial" date set forth herein, except by Court Order.

## TRACK 2: STANDARD

| | |
| --- | --- |
| 100 Days: | All parties to have served initial written discovery. |
| 130 Days: | All parties to have responded to initial written discovery. |
| 180 Days: | Disclosure of Plaintiff's experts. |
| 220 Days: | Plaintiff's experts' depositions completed. |
| 265 Days: | Disclosure of Defendant's experts. |
| 325 Days: | Defendant's experts' depositions completed. |
| 330 Days: | Counsel for all parties to file certificate of settlement negotiations. |
| 340 Days: | Disclosure of Plaintiff's rebuttal experts and supplementary disclosure of new experts of new opinions by all parties. |
| 370 Days: | All experts' depositions completed. No continuances will be granted after this date for incomplete discovery, absent leave of Court for good cause shown. Case deemed ready for trial. |

The Court encourages early mediation.

SO ORDERD

Presiding Judge